1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** ) ) ) ) | No.:  M-07-5944 SC |
| | MDL NO. 1917 |
| ) | **STIPULATED PROTECTIVE ORDER** |
| This Document Relates to: ) ) | |
| ALL ACTIONS. ) ) | |

### 1.      PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Fed.R.Civ.P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the

1  procedures that must be followed and reflects the standards that will be applied when a party

2  seeks permission from the Court to file material under seal, and is hereby incorporated by

3  reference.

4  **2.    DEFINITIONS.**

5  2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, and

6  employees.

7  2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

8  the medium or manner generated, stored, or maintained (including, among other things,

9  documents, testimony, transcripts, or tangible things) that are produced or generated in

10  disclosures or responses to discovery in this matter.

11  2.3    <u>Confidential Information or Items</u>:  information (regardless of how

12  generated, stored or maintained) or tangible things that qualify for protection under standards

13  developed under Fed.R.Civ.P. 26(c).

14  2.4    <u>Highly Confidential Information or Items</u>:  extremely sensitive

15  Confidential Information or Items whose disclosure to another Party or non-party would create

16  a substantial risk of injury that could not be avoided by less restrictive means.

17  2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

18  from a Producing Party.

19  2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

20  Discovery Material in this action.

21  2.7.    <u>Designating Party</u>:  a Party or non-party that designates information or

22  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23  Confidential."

24  2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

25  designated as "Confidential" or as "Highly Confidential."

26  2.9.    <u>Outside Counsel</u>:  attorneys, along with their paralegals, and other

27  support personnel, who are not employees of a Party but who are retained to represent or advise

28  a Party in this action.

STIPULATED PROTECTIVE ORDER

2.10    <u>In House Legal Personnel</u>:  attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.12    <u>Expert and/or Consultant</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not currently an employee, nor has been an employee within eighteen months of the date of entry of this Order, of a Party or of a  Cathode Ray Tube "CRT" business unit of a non-party, and who, at the time of retention, is not anticipated to become an employee of a Party or of a CRT business unit of a non-party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

**3.    SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**4.    DURATION.**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

STIPULATED PROTECTIVE ORDER

**5.    DESIGNATING PROTECTED MATERIAL.**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or changing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identifying (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material.

4

1    (b)    for testimony given in deposition, that a Party, or a non-party that

2    sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony

3    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before

4    the deposition is concluded, or in writing within thirty (30) days after the final transcript

5    is received.  Only those portions of the testimony that are designated for protection in

6    accordance with the preceding sentence shall be covered by the provisions of this

7    Stipulated Protective Order.  The entire testimony shall be deemed to have been

8    designated Highly Confidential until the time within which the transcript may be

9    designated has elapsed.  If testimony is not designated within the prescribed time period,

10   then such testimony shall not be deemed Confidential or Highly Confidential except as

11   ordered by the Court.

12   Transcript pages containing Protected Material must be separately bound by the

13   court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring,

15   offering, giving or eliciting the witness' testimony.

16   (c)    for information produced in electronic or video format, and for any other

17   tangible items, that the Producing Party affix in a prominent place on the exterior of the

18   container or containers in which the information or item is stored the legend

19   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

20   5.3    Inadvertent Failures to Designate.  If corrected, an inadvertent failure to

21   designate qualified information or items as "Confidential" or "Highly Confidential" does not,

22   standing alone, waive the Designating Party's right to secure protection under this Order for

23   such material.  If material is re-designated as "Confidential" or "Highly Confidential" after the

24   material was initially produced, the Receiving Party, upon notification of the designation, must

25   make reasonable efforts to assure that the material is treated in accordance with the provisions

26   of this Order.

27   5.4    Increasing the Designation of Information or Items Produced by Other

28   Parties or Non-Parties.  Subject to the standards of paragraph 5.1, a Party may increase the

STIPULATED PROTECTIVE ORDER

1   designation (*i.e.*, change any Disclosure or Discovery Material produced without a designation
2   to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any
3   Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of
4   "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or
5   non-Party, provided that said Discovery Material contains the upward Designating Party's own
6   Confidential or Highly Confidential Information.  Any such increase in the designation of a
7   document shall be made within 90 days of the date of its production, unless good cause is
8   shown for a later increase in the designation.

9        Increasing a designation shall be accomplished by providing written notice to all
10  Parties identifying (by bates number or other individually identifiable information) the
11  Disclosure or Discovery Material whose designation is to be increased.  Promptly after
12  providing such notice, the upward Designating Party shall provide re-labeled copies of the
13  material to each Receiving Party reflecting the change in designation.  The Receiving Party will
14  replace the incorrectly designated material with the newly designated materials and will destroy
15  the incorrectly designated materials.  Any Party may object to the increased designation of
16  Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding
17  challenging designations.  The upward Designating Party shall bear the burden of establishing
18  the basis for the increased designation.

19       **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

20       6.1    <u>Timing of Challenges</u>.  A Party does not waive its right to challenge a
21  confidentiality designation by electing not to mount a challenge promptly after the original
22  designation is disclosed.

23       6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
24  Designating Party's confidentiality designation must do so in good faith and must begin the
25  process by notifying the Designating Party in writing, by telephone or in person of its challenge
26  and identify the challenged material, then conferring directly in voice to voice dialogue (other
27  forms of communication are not sufficient) with counsel for the Designating Party.  The Parties
28  must then meet and confer in good faith.  Each Party must explain the basis for its respective

6

1  position about the propriety of the challenged confidentiality designations.  The parties shall

2  have fourteen (14) days from the initial notification of a challenge to complete this meet and

3  confer process.

4          6.3    <u>Judicial Intervention</u>.  In any judicial proceeding challenging a

5  confidentiality designation, the burden of persuasion with respect to the propriety of the

6  confidentiality designation shall remain upon the Designating Party.  If the parties are not able

7  to resolve a dispute about a confidentiality designation within the time provided in paragraph

8  6.2, above, the parties shall, within fourteen (14) days thereafter, prepare and present to the

9  Special Master a joint letter brief that identifies the challenged material and sets forth the

10  respective positions of the parties about the propriety of the challenged confidentiality

11  designations.  Until the ruling on the dispute becomes final, all parties shall continue to afford

12  the material in question the level of protection to which it is entitled under the Designating

13  Party's designation.

14          In the event that the final ruling is that the challenged material is not confidential

15  or that its designation should be changed, the Designating Party shall reproduce copies of all

16  materials with their designations removed or changed in accordance with the ruling within

17  thirty (30) days at the expense of the Designating Party.

18      **7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

19          7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

20  disclosed or produced by a Producing Party only in connection with this action for prosecuting,

21  defending, or attempting to settle this action.  Such Protected Material may be disclosed only to

22  the categories of persons and under the conditions described in this Order.  When the litigation

23  has been terminated, a Receiving Party must comply with the provisions of section 11, below

24  (FINAL DISPOSITION).

25          Protected Material must be stored and maintained by a Receiving Party at a

26  location and in a secure manner that ensures that access is limited to the persons authorized

27  under this Order.  For purposes of this Order, a secure website, or other internet-based

28  document depository with adequate security, shall be deemed a secure location.

7

STIPULATED PROTECTIVE ORDER

1        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

2 otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

3 Party may disclose any information or item designated "CONFIDENTIAL" only to:

4        (a)     the Receiving Party's Outside Counsel of record in this action, as well as

5 employees of said counsel to whom it is reasonably necessary to disclose the

6 information for this litigation;

7        (b)     current or former officers, directors, and employees of Parties to whom

8 disclosure is reasonably necessary for this litigation and who have signed the

9 "Agreement To Be Bound by Protective Order" (Exhibit A);

10        (c)     Experts and/or Consultants with respect to each of whom (1) disclosure

11 is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

12 Protective Order" (Exhibit A) has been signed;

13        (d)     the Court and its personnel;

14        (e)     stenographers, their staffs, and professional vendors to whom disclosure

15 is reasonably necessary for this litigation and who have signed the "Agreement To Be

16 Bound by Protective Order" (Exhibit A);

17        (f)     the author, addressees, or recipients of the document, or any other

18 natural person who would have likely reviewed such document during his or her

19 employment as a result of the substantive nature of his or her employment position, or

20 who is specifically identified in the document, or whose conduct is purported to be

21 specifically identified in the document;

22        (g)     witnesses in the action to whom disclosure is reasonably necessary for

23 this litigation and who have signed the "Agreement To Be Bound by Protective Order"

24 (Exhibit A); provided that, Confidential Information may be disclosed to a witness

25 during their deposition, but only if they have executed the "Agreement to Be Bound by

26 Protective Order" (Exhibit A), which shall be made an exhibit to the deposition

27 transcript, or have agreed on the record to keep the information confidential and not to

28 use it for any purpose, or have been ordered to do so; and provided further that, pages of

8

STIPULATED PROTECTIVE ORDER

1    transcribed deposition testimony or exhibits to depositions that reveal Confidential

2    Information must be marked "Confidential" and separately bound by the court reporter

3    and not included in the main deposition transcript and exhibit binder, and may not be

4    disclosed to anyone except as permitted under this Stipulated Protective Order; and

5          (h)    any other person to whom the Designating Party agrees in writing or on

6    the record, and any other person to whom the Court compels access to the Confidential

7    Information.

8          7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.

9    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

10   Receiving Party may disclose any information or item designated "HIGHLY

11   CONFIDENTIAL" only to:

12         (a)    the Receiving Party's Outside Counsel of record in this action, as well as

13   employees of said counsel to whom it is reasonably necessary to disclose the

14   information for this litigation;

15         (b)    Experts and/or Consultants with respect to each of whom (1) disclosure

16   is reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by

17   Protective Order" (Exhibit A) has been signed;

18         (c)    the Court and its personnel;

19         (d)    stenographers, their staffs, and professional vendors to whom disclosure

20   is reasonably necessary for this litigation and who have signed the "Agreement to Be

21   Bound by Protective Order" (Exhibit A);

22         (e)    the author, addressees or recipients of the document, the Designating

23   Party's employees who were employed by the Designating Party at the time the

24   document was authored, or any other natural person who is specifically identified in the

25   document, or whose conduct is purported to be specifically identified in the document;

26         (f)    any other person to whom the Designating Party agrees in writing or on

27   the record, and any other person to whom the Court compels access to the Highly

28   Confidential Information.

STIPULATED PROTECTIVE ORDER

7.4     <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.5     <u>Retention of Protected Material</u>.  Persons who have been shown Protected Material pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) or (f) shall not retain copies of such Protected Material.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform the party who caused the discovery request, subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential or highly confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (other than transcripts of deposition or other  witness

STIPULATED PROTECTIVE ORDER

1 testimony) legal memoranda, correspondence or attorney work product, even if such materials

2 contain Protected Material.  Any such archival copies that contain or constitute Protected

3 Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

4 **12.    INADVERTENTLY PRODUCED DOCUMENTS**.

5 If a Party at any time notifies any other Party that it inadvertently produced

6 documents, testimony, information, and/or things that are protected from disclosure under the

7 attorney-client privilege, work product doctrine, and/or any other applicable privilege or

8 immunity from disclosure, or the Receiving Party discovers such inadvertent production, the

9 inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

10 The Receiving Party shall immediately return all copies of such documents, testimony,

11 information and/or things to the inadvertently producing Party and shall not use such items for

12 any purpose until further order of the Court.  In all events, such return must occur within three

13 (3) business days of receipt of notice or discovery of the inadvertent production.  The return of

14 any discovery item to the inadvertently producing Party shall not in any way preclude the

15 Receiving Party from moving the Court for a ruling that the document or thing was never

16 privileged.

17 **13.    ATTORNEY RENDERING ADVICE.**

18 Nothing in this Protective Order will bar or otherwise restrict an attorney from

19 rendering advice to his or her client with respect to this matter or from relying upon or generally

20 referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Disclosure or Discovery

21 Material in rendering such advice; provided however, that in rendering such advice or in

22 otherwise communicating with his or her client, the attorney shall not reveal or disclose the

23 specific content thereof if such disclosure is not otherwise permitted under this Protective

24 Order.

25 **14.    DISPOSITIVE MOTION HEARINGS AND TRIAL.**

26 The terms of this Protective Order shall govern in all circumstances except for

27 presentations of evidence and argument at hearings on dispositive motions and at trial.  The

28

STIPULATED PROTECTIVE ORDER

1  parties shall meet and confer in advance of such proceedings and seek the guidance of the Court

2  as to appropriate procedures to govern such proceedings.

3                    **15.    MISCELLANEOUS.**

4                    15.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6                    15.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to disclosing or

8  producing any information or item on any ground not addressed in this Stipulated Protective

9  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10 the material covered by this Protective Order.

11                    **IT IS SO STIPULATED.**

12 DATED:  June 11, 2008                    By:____/s/ Guido Saveri_____
                                           GUIDO SAVERI Bar No. 22349
13                                         guido@saveri.com
                                           SAVERI & SAVERI INC.
14                                         111 Pine Street, Suite 1700
                                           San Francisco, CA 94111-5619
15                                         Telephone: (415) 217-6810
                                           Facsimile: (415) 217-6813
16

17                                         *Interim Lead Counsel for the Direct Purchaser*
                                           *Plaintiffs*
18

19                                         By:____/s/ Mario Alioto_____
                                           MARIO N. ALIOTO Bar No. 56433
20                                         malioto@tatp.com
                                           TRUMP, ALIOTO TRUMP & PRESCOTT LLP
21                                         2280 Union Street
                                           San Francisco, CA 94123
22                                         Telephone: (415) 563-7200
                                           Facsimile: (415) 346-0679
23

24                                         *Interim Lead Counsel for the Indirect Purchaser*
                                           *Plaintiffs*

25

26

27

28

STIPULATED PROTECTIVE ORDER

1                By:    /s/ Gary Halling

GARY L. HALLING, Bar No. 66087

2              ghalling@sheppardmullin.com

JAMES L. MCGINNIS, Bar No. 95788

3              jmcginnis@sheppardmullin.com

MICHAEL SCARBOROUGH, Bar No. 203524

4              mscarborough@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER &

5              HAMPTON LLP

Four Embarcadero Center, 17th Floor

6              San Francisco, California 94111-4109

Telephone: 415-434-9100

7              Facsimile: 415-434-3947

8              Attorneys for Defendants

SAMSUNG SDI AMERICA, INC.

9              and SAMSUNG SDI CO., LTD.

10            By:    /s/ Jeffrey L. Kessler

JEFFREY L. KESSLER (pro hac vice)

11           Email: jkessler@dl.com

A. PAUL VICTOR (pro hac vice)

12           Email: pvictor@dl.com

EVA W. COLE (pro hac vice)

13           Email : ecole@dl.com

DEWEY & LEBOEUF LLP

14           1301 Avenue of the Americas

New York, NY 10019

15           Telephone: (212) 259-8000

Facsimile: (212) 259-7013

16

STEVEN A. REISS (pro hac vice)

17           Email: steven.reiss@weil.com

DAVID L. YOHAI (pro hac vice)

18           Email: david.yohai@weil.com

ALAN R. FEIGENBAUM (pro hac vice)

19           WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue

20           New York, New York 10153-0119

Telephone:  (212) 310-8000

21           Facsimile:  (212) 310-8007

22           GREGORY D. HULL (57367)

Email: greg.hull@weil.com

23           JOSEPH R. WETZEL (238008)

Email: joseph.wetzel@weil.com

24           WEIL, GOTSHAL & MANGES LLP

201 Redwood Shores Parkway

25           Redwood Shores, California 94065-1175

Telephone: (650) 802-3000

26           Facsimile: (650) 802-3100

27           Attorneys for Defendants Panasonic Corporation

of North America and MT Picture Display

28           Corporation of America (NY) (defunct)

14

STIPULATED PROTECTIVE ORDER

1

2        By:____/s/ Samuel Miller_____
         SAMUEL R. MILLER
3        Email: srmiller@sidley.com
         RYAN SANDROCK
4        Email: rsandrock@sidley.com
         SIDLEY AUSTIN LLP
5        555 California Street
         San Francisco, CA 94104
6        Telephone : (415) 772-1200
         Facsimile: (415) 772-7400

7        Attorneys for Defendants LG Electronics, Inc.
         and LG Electronics USA, Inc.

8
         By:____/s/ Curt Holbreich_____
9        CURT HOLBREICH
         Email: curt.holbreich@klgates.com
10       KIRKPATRICK & LOCKHART PRESTON
         GATES ELLIS
11       55 Second Street, Suite 1700
         San Francisco, California 94105-3493
12       Telephone : (415) 882-8200
         Facsimile: (415) 882-8220

13
         Attorneys for Defendant TPV International
14       (USA), Inc.

15       By:____/s/ Michael Lazerwitz_____
         MICHAEL R. LAZERWITZ (pro hac vice)
16       Email: mlazerwitz@cgsh.com
         CLEARY GOTTLIEB STEEN & HAMILTON
17       LLP
         2000 Pennsylvania Avenue, NW
18       Washington, DC  20006
         Telephone:  (202) 974-1679
19       Facsimile:  (202) 974-1999

20       Attorneys for Defendant LP Displays
         International Ltd.

21
         By:____/s/ Anthony Viola_____
22       ANTHONY J. VIOLA (pro hac vice)
         Email: aviola@eapdlaw.com
23       BARRY BENDES (pro hac vice)
         Email: bbendes@eapdlaw.com
24       JOSEPH CZERNIAWSKI (pro hac vice)
         Email: jczerniawski@eapdlaw.com
25       EDWARDS ANGELL PALMER & DODGE
         LLP
26       750 Lexington Avenue
         New York, NY 10022
27       Telephone: (212) 308-4411
         Facsimile: (212) 308-4844

28

STIPULATED PROTECTIVE ORDER

1   DAVID W. EVANS
    Email: devans@hbblaw.com
2   HAIGHT BROWN & BONESTEEL LLP
    71 Stevenson Street, 20th Floor
3   San Francisco, CA  94105-2981
    Telephone: (415) 546-7500
4   Facsimile: (415) 546-7505

5   Attorneys for Defendant Orion America, Inc.

6
    By:___/s/ Ethan Litwin_____
7   ETHAN E. LITWIN   (pro hac vice)
    Email: LitwinE@howrey.com
8   HOWREY LLP
    153 East 53rd Street, 54th Floor
9   New York, NY 10022
    Telephone: (212) 896-6500
10  Facsimile: (212) 896-6501

11  JOSEPH A. OSTOYICH (pro hac vice)
    Email: OstoyichJ@howrey.com
12  HOWREY LLP
    1299 Pennsylvania Avenue, N.W.
13  Washington, D.C. 20004-2402
    Telephone: (202) 783-0800
14  Facsimile: (202) 383-6610

15  Attorneys for Defendant Philips Electronics
    North America Corporation
16

17  By:___/s/ Kent Roger_____
    KENT ROGER
18  Email: kroger@morganlewis.com
    CHRISTINE SAFRENO
19  Email : csafreno@morganlewis.com
    JONATHAN M. DEGOOYER
20  Email : jdegooyer@morganlewis.com
    MORGAN LEWIS & BOCKIUS LLP
21  One Market, Spear Street Tower
    San Francisco, CA 94105-1596
22  Telephone: (415) 442-1000
    Facsimile: (415) 442-1001
23
    Attorneys for Defendant Hitachi America, Ltd.
24

25

26

27

28
                              16

1

By:___/s/ Christopher Curran_____
CHRISTOPHER M. CURRAN (pro hac vice)

2

Email: ccurran@whitecase.com
GEORGE L. PAUL (pro hac vice)

3

Email: gpaul@whitecase.com
LUCIUS B. LAU (pro hac vice)

4

Email: alau@whitecase.com
WHITE & CASE LLP

5

701 Thirteenth Street, N.W.
Washington, D.C.  20005

6

Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

7

8

Counsel to Defendants Toshiba America, Inc.,
Toshiba America Information Systems, Inc.,
Toshiba America Consumer Products, L.L.C.,

9

and Toshiba America Electronic Components,
Inc.

10

11

By:___/s/ Bruce H. Jackson_____
Bruce H. Jackson (State Bar No. 98118)

12

  (bruce.h.jackson@bakernet.com)
Robert W. Tarun (State Bar No. 64881)

13

  (robert.w.tarun@bakernet.com)
Nancy C. Allred (State Bar No. 245736)

14

  (nancy.c.allred@bakernet.com)
BAKER & MCKENZIE LLP

15

Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802

16

Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

17

18

Patrick J. Ahern (pro hac vice)
  (patrick.j.ahern@bakernet.com)
Roxane C. Busey (pro hac vice)

19

  (roxane.c.busey@bakernet.com)
Karen Sewell (pro hac vice)

20

  (karen.sewell@bakernet.com)
BAKER & MCKENZIE LLP

21

130 E. Randolph Dr., Suite 3500
Chicago, IL 60601

22

Telephone:  +1 312 861 8000

23

Attorneys for Tatung Company of America, Inc.

24

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26

27

DATED:_ ___6/18/08_____

_____
Hon. Samuel Conti
United States District Judge

28

17

STIPULATED PROTECTIVE ORDER

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of

_____ [print or type full address],

declare under penalty of perjury under the laws of the United States of America that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California, San Francisco Division, in the case

of In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, No.:  M-07-5944 SC,

MDL No. 1917.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____

Crt.060

STIPULATED PROTECTIVE ORDER